ALBERT P. BALLOG, JR., Bar No.: 103627
BRIAN L. WILLIAMS, Bar No.: 227948
**SULLIVAN & BALLOG, LLP**
400 North Tustin Avenue, Suite 475
Santa Ana, California 92705
Telephone:  (714) 541-2121
Facsimile:    (714) 541-2120
**apb@sullivanballog.com**

Attorneys for Defendants,
COUNTY OF ORANGE; ORANGE COUNTY
SHERIFF'S DEPARTMENT; DEPUTY SHERIFF
MOLDENHAUER; DEPUTY SHERIFF HAHN;
DEPUTY SHERIFF SGT. G. PEPE; ORANGE COUNTY
SHERIFF'S DEPT. CSO, M. FOUSTE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DODI EKLUND, | Case No.  SACV08-00099 DOC (RNBx) |
| Plaintiff, | The Honorable Robert N. Block |
| vs. | ~~[proposed]~~ **PROTECTIVE ORDER** |
| COUNTY OF ORANGE, et al., | |
| Defendants. | |

///

///

///

Based upon the stipulation of the parties and good cause appearing,

IT IS HEREBY ORDERED that:

1.      DESIGNATION AS CONFIDENTIAL:

COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY SHERIFF MOLDENHAUER, DEPUTY SHERIFF HAHN, DEPUTY SHERIFF SGT. G. PEPE, and ORANGE COUNTY SHERIFF'S DEPT. CSO, M. FOUSTE (hereinafter, "defendants") may designate as confidential  material the following items produced in response to discovery:

        a.      The training records for Deputy Sheriff Moldenhauer, Deputy Sheriff Hahn, Deputy Sheriff Sergeant G. Pepe, and Orange County Sheriff's Dept. CSO, M. Fouste;

        b.      A list of each of these individual's personnel history regarding all personnel complaints made against these individuals; and

        c.      The accompanying administrative and/or executive summaries of the actions referenced in the personnel complaints.

        d.      Orange County Sheriff's Department written policy on tasers and training.

The production of the aforementioned materials does not waive any objections that will be made with respect to the admissibility of any of this documentation at time of trial.

The designation of Confidential Material shall be made by placing or affixing upon written transcripts/documents in a manner which is not to interfere with its legibility, the words "Subject to Confidential Protective Order".  The designation shall be made prior to, or in compliance with, the future production of the above-referenced written and/or recorded materials.

///

///

///

2. USE OF CONFIDENTIAL MATERIAL: Materials and information designated as confidential under this Protective Order shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, for any purpose whatsoever other than the preparation for trial and trial of this action and any appeal regarding this matter.

3. DISCLOSURE OF CONFIDENTIAL MATERIAL:

Counsel for any party shall  not disclose or permit the disclosure of any material or information designated as confidential, and the information contained therein, under this Protective Order to any other person or entity, including, but not limited to, other persons who have or will file claims or lawsuits against the Defendant, media, entertainment or news personnel, attorneys' organizations or associations, or other organizations or associations that collect information about lawsuits against the defendants.

(a) EMPLOYEES: Disclosure may be made to employees of Plaintiff's counsel who are assisting in the preparation and trial of this action or any appeal regarding this action.  Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information contained in the transcripts be held in confidence.

(b) EXPERTS and CONSULTANTS: Disclosure may be made to experts employed by Plaintiff or their counsel to assist in the preparation and trial of this matter.  Plaintiff shall identify to defense counsel each expert who has reviewed materials designated as confidential under this Protective Order, even if the expert is retained for purposes of consultation only and a decision is made not to use such person as a testifying expert.  Prior to disclosure to any expert or consultant, the expert or consultant must agree to be bound by the terms of this

**[proposed] PROTECTIVE ORDER**

Protective Order by executing a Confidentiality Agreement.

4.     COPIES, EXTRACTS, SUMMARIES and DESCRIPTIONS: Any person having access to material or information designated as confidential under this Protective Order shall not make copies, extracts, or summaries of the material or information contained in the material, or any portion thereof, except that copies, extracts, or summaries may be prepared by Plaintiff's counsel, or experts or consultants employed by Plaintiff's counsel in the preparation for and trial of this matter.  Any such copies, extracts, or summaries shall be treated as confidential material under the provisions of this Protective Order.

5.     DISPUTES:  Material or information claimed to be confidential pursuant to this Protective Order that is subject to a dispute as to whether it is, in fact, confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Protective Order. The Court retains jurisdiction to modify this Protective Order and to make further orders with respect to the control and use of materials and information designated as confidential pursuant to this Protective Order.

6.     USE AS EVIDENCE and USE DURING DEPOSITIONS: If, during trial or in connection with any motion or other proceeding, Plaintiff intends to offer into evidence any documents, exhibits, or other materials that reveal materials or information claimed to be confidential by Defendant, counsel for Plaintiff shall provide counsel for Defendant reasonable advance notice of such intention.   In accordance with Local Rule 79-5.1, if papers to be filed with the Court contain material or information that has been designated as confidential, the proposed filing shall be accompanied by an application to file the papers or the portions thereof containing the confidential material information (if such information is segregable under seal; and that the application shall be directed to the judge to whom the papers are directed.   If, in connection with any deposition taken in this action, Plaintiff's attorneys question a witness regarding materials claimed to be

confidential by Defendant, or uses confidential material as deposition exhibits, the transcripts of such deposition testimony and exhibits shall be designated as confidential material and shall be subject to the provisions of this Protective Order.

7.   RETURN OF DOCUMENTS: Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for plaintiff shall return to counsel for defendants, within thirty (30) calendar days, all materials and all copies thereof in their possession or subject to their control, (including, but not limited to, materials furnished to consultants and/or experts) that was designated by defendants as confidential material in accordance with this Protective Order.

8.   CONTEMPT OF COURT: Any violation of this Protective Order may be punished as contempt of court.

9.   ADDITIONAL PARTIES: If any other party to this civil litigation requests copies of the documents subject to this confidential protective order, counsel for the party to whom the request is made shall first provide a copy of the Stipulated Protective Order to the requesting party.  The requesting party shall confirm in writing that both the party and their attorney(s) shall be bound by the terms of the Stipulated Protective Order.  The writing must also include consent, by the person to whom disclosure is made, to be subject to the jurisdiction of this court with respect to any proceeding relating to the enforcement of this Stipulated Protective Order, including but not limited to, any proceeding for contempt.

The foregoing is without prejudice to the right of any party:

(a)   To apply to the court for a Protective Order relating to confidential material or related to discovery in this litigation;

(b)   To apply to the Court for an order permitting the removal of the Confidential Material Designation from any documents; or

///

///

///

(c)     To apply to the Court for an order compelling production of documents or modifications of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

DATED: <u>January 15, 2009</u>

_____

THE HONORABLE ROBERT N. BLOCK
United States District Court Magistrate Judge

**[proposed] PROTECTIVE ORDER**