## 1.1C  DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe used excessive force against her in violation of her Constitutional rights and they are liable to her under California law.  The plaintiff has the burden of proving these claims.

Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe deny those claims and also contend that the force used against plaintiff was justified and that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe are entitled to qualified immunity.  The defendants have the burden of proof on the issue of qualified immunity.

The plaintiff denies that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe are entitled to qualified immunity.

## 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.1  STIPULATED TESTIMONY

The parties have agreed what _____'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

## 2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence. You should therefore treat these facts as having been proved.

## 2.8  IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 2.10  USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### 3.1  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

23

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

### 3.3  RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### 3.4  ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction to be provided, if necessary.]

You will now retire to the jury room and continue your deliberations.

## 5.5  PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may not be awarded against County of Orange.  You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory,

damages.

## 5.6  NOMINAL DAMAGES


The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## 9.1  SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## 9.2  SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claims against Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.     the defendant acted under color of law; and

    2.     the acts of the defendant deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 9.22, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

29

## 9.8  CAUSATION

In order to establish that the acts of the defendants Deputies Curtis and Kelly and County of Orange deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

## Negligence

## CACI 400 Essential Factual Elements

Plaintiff claims that she was harmed by Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's negligence. To establish this claim, plaintiff must prove all of the following:

1.   That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe were negligent;

2.   That plaintiff was harmed; and

3.   That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's negligence was a substantial factor in causing plaintiff's harm.

31

## Negligence

## CACI 405 Plaintiff's Contributory Negligence

Defendants claim that plaintiff's harm was caused in whole or in part by plaintiff's own negligence. To succeed on this claim, defendants must prove both of the following:

1.    That plaintiff was negligent; and

2.    That plaintiff's negligence was a substantial factor in causing her harm.

If defendants proves the above, plaintiff's damages are reduced by your determination of the percentage of plaintiff's responsibility. I will calculate the actual reduction.

32

**Negligence**

**CACI 430 Causation: Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Assault and Battery**

**CACI 1301 Assault—Essential Factual Elements**

Plaintiff claims that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe assaulted her. To establish this claim, plaintiff must prove all of the following:

1.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe acted, intending to cause harmful or offensive contact; or

1.    That plaintiff reasonably believed that she was about to be touched in a harmful or an offensive manner; or

1.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe threatened to touch plaintiff in a harmful or an offensive manner;

    and;

2.    That it reasonably appeared to plaintiff that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe were about to carry out the threat;

3.    That plaintiff did not consent to Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct;

4.    That plaintiff was harmed; and

5.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct was a substantial factor in causing plaintiff's harm.

Words alone do not amount to an assault.

34

**Emotional Distress**

**CACI 1600 Intentional Infliction of Emotional Distress—
Essential Factual Elements**

Plaintiff claims that Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct caused her to suffer severe emotional distress.  To establish this claim, plaintiff must prove all of the following:

1.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct was outrageous;

2.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe intended to cause plaintiff emotional distress;

3.    That plaintiff suffered severe emotional distress; and

4.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct was a substantial factor in causing plaintiff's severe emotional distress.

**Emotional Distress**

### CACI 1602 Intentional Infliction of Emotional Distress— "Outrageous Conduct" Defined

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct was outrageous, you may consider, among other factors, the following:

(a)  Whether Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe abused a position of authority or a relationship that gave him real or apparent power to affect plaintiff's interests;

(b)  Whether Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe knew that plaintiff was particularly vulnerable to emotional distress; and

(c)  Whether Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe knew that his conduct would likely result in harm due to mental distress.

## Emotional Distress

### 1603 Intentional Infliction of Emotional Distress—
### "Reckless Disregard" Defined

Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe acted with reckless disregard in causing plaintiff emotional distress if:

1. Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe knew that emotional distress would probably result from their conduct; or

2. Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe gave little or no thought to the probable effects of his conduct.

37

**Emotional Distress**

**CACI 1604 Intentional Infliction of Emotional Distress—
"Severe Emotional Distress" Defined**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.

Plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

**Emotional Distress**

**CACI 1605 Intentional Infliction of Emotional Distress—
Affirmative Defense—Privileged Conduct**

Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe claim that they are not responsible for plaintiff's harm, if any, because their conduct was permissible. To succeed, they must prove all of the following:

1.    That D Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe was exercising his legal right to arrest plaintiff;

2.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct was lawful and consistent with community standards; and

3.    That Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe had a good-faith belief that he had a legal right to engage in the conduct.

If you find all of the above, then Deputy Moldenhaur, Deputy Hahn, and Sergeant Pepe's conduct was permissible.

39